FRED HENNINGSMEYER v. FIRST STATE BANK OF CONROE.

Application No. 10370.  Decided March 6, 1918.

**Writ of Error—Practice in Supreme Court—Jurisdiction—Time—Motion
for Rehearing.**

Article 1541, Revised Statutes, is imperative in requiring that application
for writ of error be made within thirty days from the overruling of motion for
rehearing.  The record here disclosing that an order of the Court of Civil
Appeals, made on a second and identical motion setting aside the order
overruling the first one and again overruling the motion, was for the purpose
of enabling the defeated party, who had no notice of the first overruling order
until the expiration of thirty days thereafter, to obtain revision of the judg-
ment by the Supreme Court on writ of error, it is held that its lost jurisdiction
could not be so restored, and the application for writ of error is dismissed.
Mr. Justice Hawkins dissents.  (Pp. 116, 117.)

Application for writ of error to the Court of Civil Appeals for the
Ninth District, in an appeal from Montgomery County.

*Howard Bennette, W. N. Foster,* and *G. P. Dougherty,* for applicant,
plaintiff in error, cited:  McGhee v. Romatka, 92 Texas, 241; Sams v.
Creager, 85 Texas, 498.

*A. L.* and *Paul Kayser,* for defendant in error, cited:  Rev. Stats.,
art. 1541; Court Rule No. 65; Vinson v. Carter & Bro., 106 Texas, 273;
Sams v. Creager, 85 Texas, 497.

MR. CHIEF JUSTICE PHILLIPS delivered the opinion of the court.
The judgment of the Court of Civil Appeals was adverse to the
plaintiffs in error.  Their motion for rehearing was overruled on Feb-
ruary 14, 1917.  Their counsel, it appears, did not learn of the over-
ruling of the motion until the lapse of more than thirty days after the
date of the court's order.  They then filed, on April 2, 1917, an amended
motion for rehearing, an exact copy of the original, adding only a state-
ment as to the failure of the clerk to give them notice of the court's
action on the motion, and their want of knowledge of its action until
more than thirty days had elapsed.  The prayer was for a rehearing,
but, if that were not granted, that the former order be set aside, "in
order that the right of appellants to have the judgment of the Court
of Civil Appeals reviewed by petition for writ of error might be pre-
served."  On April 11, 1917, the Court of Civil Appeals by the same
order, set aside its order overruling the original motion and overruled
the amended motion.  The petition for writ of error was filed in the
Court of Civil Appeals on May 10, 1917.

We think the motion to dismiss should be granted.  In order for this
court to have jurisdiction upon petition for writ of error it is required,
as a condition precedent, that the petition be filed with the clerk of the
Court of Civil Appeals within thirty days from the overruling of the
motion for rehearing in that court.  Schleicher v. Runge, 90 Texas, 456.

The statute on the subject (article 1541) is imperative, and must be complied with. If merely to have additional time for the filing of the petition for writ of error successive motions for rehearing may be filed, the statute is rendered of no effect.

There is nothing in this record which even remotely suggests that the order that set aside the former order, overruling the original motion, and overruled the amended motion, was for any other purpose than to permit the filing of the petition for writ of error as within the time required by law, in accordance with the appellants' request. We do not think that fact could be ascertained any more certainly than it here appears. Under such circumstances we regard it as our duty to treat the time of the overruling of the original motion as the date from which should be reckoned the thirty days allowed for the filing of the petition for writ of error.

We wish to add that we do not question the authority of the Court of Civil Appeals to set aside its former order, or to make, after its original action in a case, any further orders it might deem proper. It has full control of its judgments during its term. Nor have we any purpose to in anywise cast a doubt upon the good faith of its action. To relieve a seeming hardship it doubtless felt constrained to grant the appellants' request.

We simply rule that under the circumstances stated we do not consider its action as binding upon us; and that, to give effect to the statute, our duty, under such circumstances, is to require, as essential to our jurisdiction, that the petition for writ of error be filed within thirty days from the overruling of the original motion for rehearing.

It was not filed within that time, and the motion to dismiss is accordingly granted.

Opinion delivered June 20, 1917.

Associate Justice Hawkins dissents

### DISSENTING OPINION.

MR. JUSTICE HAWKINS delivered the following dissenting opinion:

Does the record in this case justify the Supreme Court in finding and holding, as a matter of fact, that the action of the Court of Civil Appeals for the Ninth Supreme Judicial District, in setting aside its order overruling the first motion for a rehearing, was for the sole purpose of indirectly extending the period of time during which a petition for a writ of error might validly be filed, such action constituting a deliberate fraud upon the appellate jurisdiction of the Supreme Court?

In my opinion it does not; and upon that proposition alone I dissent from the order granting the motion to dismiss the appeal for want of jurisdiction in the Supreme Court.

The judgment of the Court of Civil Appeals affirming the judgment of the trial court in favor of appellee,, the First State Bank of Conroe (defendant in error). and against appellants, Fred and Mary Hennings-

meyer (plaintiffs in error), was rendered on December 14, 1916, and its order overruling the original motion for a rehearing was made and entered on February 14, 1917. Not until more than thirty days later, on May 10, 1917, was the petition of plaintiffs in error for a writ of error filed in the Court of Civil Appeals.

Revised Statutes, article 1541, expressly requires that a petition for a writ of error "shall be filed with the clerk of the Court of Civil Appeals within thirty days from the overruling of the motion for a rehearing"; and it is well settled that failure to file such petition until after the expiration of that stated period is fatal to the appeal. The Supreme Court, in an opinion by Phillips, J., now Chief Justice, said: "It is essential to the jurisdiction of this court to grant a writ of error that the petition for the writ be filed in the Court of Civil Appeals within thirty days from the overruling of the motion for a rehearing. Schleicher v. Runge, 90 Texas, 456, 39 S. W., 279." Vinson v. Carter, 106 Texas, 273, 166 S. W., 363.

However, after said original motion for a rehearing had been overruled, appellants filed a second motion for a rehearing which was overruled by the court on April 11, 1917, and, it will be observed, within the statutory period of thirty days next thereafter, said petition for writ of error was filed; and upon these facts arises the contention of plaintiffs in error that their petition for a writ of error was filed seasonably.

The principal ground upon which the motion to dismiss the appeal rests is: "Because it is apparent from the face of the record that the setting aside by said Court of Civil Appeals for the Ninth Supreme Judicial District of its order of date February 14, 1917, overruling plaintiff in error's motion for a rehearing on the 14th day of February, 1917, and overruling plaintiff in error's amended motion for rehearing on the 11th day of April, 1917, was done for the express purpose of enabling plaintiffs in error to avoid the consequences of their own neglect in failing to file in said court their petition for writ of error within thirty (30) days from said 14th day of February, 1917, and said proceedings were and are in direct opposition to rule 65, governing the practice in the Courts of Civil Appeals."

But inasmuch as the term of court at which said order overruling said first motion for a rehearing was made had not ended when said order setting aside the order overruling said first motion for a rehearing was entered, and inasmuch as that court unquestionably had authority, at any time during its term, and even of its own volition, had there been no second motion for a rehearing, to set aside its previous order overruling said first motion for a rehearing, and to grant a rehearing in the cause, there arises, I think, upon the undisputed facts of this case, as shown by the record, a presumption of law that said order of April 11, 1917, setting aside said order overruling the original motion for a rehearing and overruling said second motion for a rehearing was entered by the Court of Civil Appeals in good faith, and that so much thereof

as set aside said former order was made by that court in the belief that probably, or possibly, there was error in the original judgment of that court in that cause, and that, upon renewed consideration of the questions involved, that court again reached the conclusion that its judgment as originally entered therein was correct, and that, as a consequence, said second motion for a rehearing was overruled accordingly.

The facts relied upon by the defendant in error to overcome the above mentioned presumption of good faith upon the part of the Court of Civil Appeals in making its said order of April 11, 1917, are as follows:

In said petition for a writ of error it is stated:

"The appellants, thereafter, on January 4, 1917, filed their motion for rehearing in the Court of Civil Appeals, wherein they complained of all of the errors hereinafter assigned, and said motion, after having been duly submitted and considered, was by the Court of Civil Appeals overruled by an order entered on February 14, 1917. On April 2, 1917, the appellants filed an amended motion for rehearing; this motion is an exact copy of the motion filed on January 4, 1917, except an addition thereto alleging that the clerk of the court had failed to give appellants or their attorneys of record any notice of the action of the court in overruling the motion for rehearing, and that neither appellants nor their attorneys had knowledge or notice of the entry of the order overruling appellants' motion until the expiration of more than thirty days from the date of the order, and the motion prayed for a rehearing, or, in the alternative, that the order overruling the original motion entered v. Freeman, 83 Texas, 529, 17 S. W., 783, 18 S. W., 963; Abstract Co. of appellants to have the judgment of the Court of Civil Appeals reviewed by petition for writ of error might be preserved."

Said final order of April 11 is as follows: "Former order entered on February 14, 1917, overruling motion for a rehearing is set aside; and the amended motion for a rehearing is overruled."

Rule 65 prescribed by the Supreme Court for Courts of Civil Appeals is as follows:

"Upon the rendering of the judgment in the Court of Civil Appeals, as well as upon the making of an order overruling the motion for a rehearing, the clerk shall immediately give notice by postal card to the attorneys of the respective parties of the disposition made of the cause or of the motion, as the case may be, for which service he shall tax the usual fee as a part of the costs in the case. But the mailing of such notices shall not relieve the parties of the responsibility of taking notice of the disposition of the cause or motion, and the failure to receive a notice so mailed shall be no excuse for delay in taking future action as may be desired in reference to the case within the time prescribed by the statutes and rules."

It is, therefore, clear that failure to file the petition for a writ of error within the statutory period can not properly be excused, condoned, or disregarded by the Court of Civil Appeals or by the Supreme

Court upon the sole additional ground for a rehearing pleaded in said second motion.

Furthermore, it must be conceded that the fact that, with the exception of the additional statements showing want of notice or knowledge of the overruling of the first motion for a rehearing, the second motion was an exact copy of the first motion for a rehearing, coupled with the fact that said second motion candidly prayed that the former order overruling the original motion for a rehearing be set aside in order that the right of appeal might be preserved, and the further fact that the court undertook, by *one and the same order,* to set aside its former order refusing a rehearing and to overrule said second motion therefor, do strongly suggest that such final order was not really made by the court solely upon the merits, or pretended merits, of said second motion for a rehearing, or in good faith, but, if not for the purpose, still, under such circumstances as to serve, in the language of the attorneys for the defendant in error, "to cloak the negligence of the plaintiffs in error in failing to file their petition for writ of error within the time required by law." Indeed, that view of the matter is borne in upon my mind so strongly that I might feel impelled to act upon it, as a matter of duty in the protection of the jurisdiction of the Supreme Court, had that court no other protection or recourse; but such is not the case.

Our State Constitution expressly declares: "The Supreme Court shall also have power, upon affidavit or otherwise as by the court may be determined, to ascertain such matters of fact as may be necessary to the proper exercise of its jurisdiction." Sec. 3, art. 5.

Revised Statutes, article 1525, is as follows: "The Supreme Court shall have the power, upon affidavit or otherwise, as the court may determine, to ascertain such matters of fact as may be necessary to the proper exercise of its jurisdiction."

The stated power of that court has been exercised in numerous instances. Harris v. Hopson, 5 Texas, 529; Dial v. Rector, 12 Texas, 99; Johnson v. Robeson, 27 Texas, 526; Moke v. Brackett, 28 Texas, 443; Hart v. Mills, 31 Texas, 304; Simmons v. Fisher, 46 Texas, 126; Fine v. Freeman, 83 Texas, 529, 17 S. W., 783, 18 S. W., 963; Abstract Co. v. Bahn, 87 Texas, 582, 29 S. W., 646, 30 S. W., 430; Ellis v. Brooks, 101 Texas, 591, 102 S. W., 94, 103 S. W., 1196. See, also, City of Austin v. Nalle, 85 Texas, 550, 22 S. W., 668, 960.

It is peculiarly applicable, I think, to the facts and circumstances of this case, as indicated by the record, and should be appropriately exercised therein preliminarily, in determining, definitely and unmistakably, if possible, whether said final order of the Court of Civil Appeals really was made in good faith or in fraud of the appellate jurisdiction of the Supreme Court.

Whenever conclusive evidence thereon reasonably is obtainable, the

presumptions of regularity and good faith should attach to all orders of all courts until such presumptions shall have been overthrown.

Opinion delivered June 20, 1917.

### ON MOTION FOR REHEARING.

The motion for rehearing was overruled per curiam without written opinion.

MR. JUSTICE HAWKINS delivered the following dissenting opinion:

The grounds upon which the application for a writ of error was dismissed by this court for want of jurisdiction are sufficiently shown in the opinion of Chief Justice Phillips and my dissenting opinion, 195 S. W., 1137-1138, not yet officially reported.

Plaintiffs in error filed here a motion for a rehearing, which was overruled, this writer dissenting.

Said motion is supported by an original affidavit by Associate Justice A. G. Brooke, dated October 4, 1917, subsequent to said order dismissing said application. From said affidavit the following is copied:

. . . "That he is an Associate Justice of the Court of Civil Appeals of the Ninth Supreme Judicial District of Texas, sitting at Beaumont, and has been such Associate Justice since the creation and organization of such court; that he prepared and filed the opinion of such court in the case of Fred and Mary Henningsmeyer v. First State Bank of Conroe, reported in volume 192, pages 286 to 291, of the Southwestern Reporter; that when said amended or second motion for rehearing was filed by the appellants in said cause, the said motion was considered by him upon its merits; that while it is a fact that one of the reasons that induced (the) him to vacate and set aside its original order overruling appellants' original motion for rehearing was to preserve the right to appellants to have our judgment affirming the decree of the District Court reviewed by the Supreme Court, yet, it is also true that said second motion for rehearing was considered by him upon its merits, and the authorities cited by the appellants in support of their amended motion for rehearing were carefully re-examined by affiant, and said motion considered upon its merits and in good faith by the court."

It will be observed that while conceding that one of the reasons which induced the affiant to join in setting aside the order of that court overruling appellants' original motion for a rehearing was to extend the date from which should be reckoned the period of time allowed by law for filing the petition for the writ of error, said affiant, the author of the opinion of the Court of Civil Appeals in this case, unequivocally swears, nevertheless, that the amended or second motion for rehearing was considered by the affiant "upon its merits," and that the authorities cited in support of it "were carefully re-examined by affiant." The last two statements tend strongly to prove good faith on the part of

that court. And to that Associate Justice Brooke added, under oath, the positive declaration that said amended or second motion was "considered upon its merits and in good faith by the court."

To rebut said affidavit there was nothing before this court except the facts and recitals mentioned in said cited opinions.

The last quoted declaration of said affidavit is, I think, of controlling force. Of course that court knew, as a matter of law, that one legal consequence of its action in setting aside its former order overruling the motion for a rehearing would be, *ordinarily,* to extend the time for appealing the case; but I regard that fact and such result as of minor importance here if, as stated by Judge Brooke, that action of the court was indeed taken "upon the merits" of the motion, after careful re-examination of the authorities cited in its support, and "in good faith by the court."

Under the circumstances, said affidavit, if not conclusive upon the issue of good faith of the Court of Civil Appeals—the sole issue upon which the jurisdiction of this court has been made to turn—at least goes far toward neutralizing the facts and recitals in the record which, as the cited majority opinion of this court discloses, induced this court to dismiss said application for lack of jurisdiction in this court, despite the ordinary presumption that courts do their duty and act in good faith.

Assuming, as I do, that said affidavit speaks the truth concerning the *bona fides* of the Court of Civil Appeals, I am of the opinion that, upon said single issue of fact which is determinative of the jurisdiction or lack of jurisdiction of this court over this case, the weight of evidence before this court, including the entire record as well as said affidavit, is in favor of the good faith of the intermediate appellate court, and, consequently, in favor of the jurisdiction of this court. In short, I believe that in this instance the good faith of the Court of Civil Appeals and the jurisdiction of this court ought to have been sustained by this court, first upon said presumption, and, second, upon the evidence before us.

Another feature of this case seems to me to demand mention. In their cited opinion my associates do, indeed expressly disclaim "any purpose to in anywise cast a doubt upon the good faith" of said action of the Court of Civil Appeals in setting aside its former order, and add "to relieve a seeming hardship it doubtless felt constrained to grant the appellant's request"; nevertheless, therein they also expressly declare that "there is nothing in the record which even remotely suggests that the order that set aside the former order overruling the original motion, was for any other purpose than to permit the filing of the petition for writ of error as within the time required by law, in accordance with the appellant's request."

In my estimation that finding and declaration of fact, by this court, coupled as it was with its order "dismissing" said application for want of jurisdiction here, and followed, as it was, by this court's order overruling the motion for a rehearing by this court, amounts, practically,

to a finding and final declaration that, in the premises, the Court of Civil Appeals, although actuated by benevolent impulses, deliberately perpetrated what I would consider and call a fraud upon this court's jurisdiction.

However sound, *when announced,* may have been the conclusion that "there is nothing in the record which even remotely suggests" that the order of the Court of Civil Appeals in question "was for any other purpose than to permit the filing of the petition for writ of error as within the time required by law," that conclusion seems to me to comport, no longer, with the facts, in view of the terms of said subsequently filed affidavit of explanation and disclaimer made by Judge Brooke in behalf of himself and his court. However, nothing has been written by said majority of this court concerning said affidavit or the action overruling said motion in this court for a rehearing, although said affidavit relates, closely, to the quality of the very action of the Court of Civil Appeals which this court has so declared justifies its action in "dismissing" said application, and which, presumably, and so far as I know, impelled this court to overrule said motion in this court for a rehearing, despite said affidavit.

Said affidavit is set out herein both to show the additional grounds of this dissent and as a matter of simple justice to said Court of Civil Appeals. My conclusion is that this court should have granted said motion for a rehearing, and should have considered, on its merits, said application for the writ of error.

Opinion filed March 6, 1918.

*Application for writ of error dismissed for want of jurisdiction.*