HENNINGSMEYER et al. v. FIRST STATE BANK OF CONROE. (No. 3982.)

(Supreme Court of Texas. March 6, 1918.)

On motion for rehearing. Rehearing denied.

For former opinion, see 195 S. W. 1137.

PER CURIAM. Rehearing denied.

HAWKINS, J. (dissenting). The grounds upon which the application for a writ of error was dismissed by this court for want of jurisdiction are sufficiently shown in the opinion of Chief Justice Phillips and my dissenting opinion, 195 S. W. 1137, 1138, not yet officially reported.

Plaintiffs in error filed here a motion for a rehearing, which was overruled, this writer dissenting. Said motion is supported by an original affidavit by Associate Justice A. G. Brooke, dated October 4, 1917, subsequent to said order dismissing said application. From said affidavit the following is copied:

"That he is an associate justice of the Court of Civil Appeals of the Ninth Supreme Judicial District of Texas, sitting at Beaumont, and has been such associate justice since the creation and organization of such court; that he prepared and filed the opinion of such court in the case of Fred and Mary Henningsmeyer v. First State Bank of Conroe, reported in volume 192, pages 286 to 291, of the Southwestern Reporter; that when said amended or second motion for rehearing was filed by the appellants in said cause the said motion was considered by him upon its merits; that while it is a fact that one of the reasons that induced him to vacate and set aside its original order overruling appellant's original motion for rehearing was to preserve the right to appellants to have our judgment affirming the decree of the district court reviewed by the Supreme Court, yet it is also true that said second motion for rehearing was considered by him upon its merits, and the authorities cited by the appellants in support of their amended motion for rehearing were carefully re-examined by affiant, and said motion considered upon its merits and in good faith by the court."

It will be observed that, while conceding that one of the reasons which induced the affiant to join in setting aside the order of that court overruling appellant's original motion for a rehearing was to extend the date from which should be reckoned the period of time allowed by law for filing the petition for the writ of error, said affiant, the author of the opinion of the Court of Civil Appeals in this case, unequivocally swears, nevertheless, that the amended or second motion for rehearing was considered by the affiant "upon its merits," and that the authorities cited in support of it "were carefully re-examined by affiant." The last two statements tend strongly to prove good faith on the part of that court. And to that Associate Justice Brooke added, under oath, the positive declaration that said amended or second motion was "considered upon its merits and in good faith by the court." To rebut said affidavit there was nothing before this court except

the facts and recitals mentioned in said cited opinions.

The last-quoted declaration of said affidavit is, I think, of controlling force. Of course, that court knew, as a matter of law, that one legal consequence of its action in setting aside its former order overruling the motion for a rehearing would be ordinarily to extend the time for appealing the case; but I regard that fact and such result as of minor importance here if, as stated by Judge Brooke, that action of the court was indeed taken "upon the merits" of the motion, after careful re-examination of the authorities cited in its support, and "in good faith by the court."

Under the circumstances said affidavit, if not conclusive upon the issue of good faith of the Court of Civil Appeals—the sole issue upon which the jurisdiction of this court has been made to turn—at least goes far toward neutralizing the facts and recitals in the record which, as the cited majority opinion of this court discloses, induced this court to dismiss said application for lack of jurisdiction in this court, despite the ordinary presumption that courts do their duty and act in good faith.

Assuming, as I do, that said affidavit speaks the truth concerning the bona fides of the Court of Civil Appeals, I am of the opinion that, upon said single issue of fact which is determinative of the jurisdiction or lack of jurisdiction of this court over this case, the weight of evidence before this court, including the entire record as well as said affidavit, is in favor of the good faith of the intermediate appellate court, and consequently in favor of the jurisdiction of this court. In short, I believe that in this instance the good faith of the Court of Civil Appeals and the jurisdiction of this court ought to have been sustained by this court: First, upon said presumption; and, second, upon the evidence before us.

Another feature of this case seems to me to demand mention. In their cited opinion my associates do indeed expressly disclaim "any purpose to in anywise cast a doubt upon the good faith" of said action of the Court of Civil Appeals in setting aside its former order, and add "to relieve a seeming hardship it doubtless felt constrained to grant the appellant's request"; nevertheless therein they also expressly declare that "there is nothing in the record which even remotely suggests that the order that set aside the former order, overruling the original motion, was for any other purpose than to permit the filing of the petition for writ of error as within the time required by law, in accordance with the appellant's request."

In my estimation that finding and declaration of fact by this court, coupled, as it was, with its order "dismissing" said application for want of jurisdiction here, and, followed, as it was, by this court's order overruling the

motion for a rehearing by this court, amounts practically to a finding and final declaration that, in the premises, the Court of Civil Appeals, although actuated by benevolent impulses, deliberately perpetrated what I would consider and call a fraud upon this court's jurisdiction.

However sound, when announced, may have been the conclusion that "there is nothing in the record which even remotely suggests" that the order of the Court of Civil Appeals in question "was for any other purpose than to permit the filing of the petition for writ of error as within the time required by law," that conclusion seems to me to comport no longer with the facts, in view of the terms of said subsequently filed affidavit of explanation and disclaimer made by Judge Brooke in behalf of himself and his court. However, nothing has been written by said majority of this court concerning said affidavit or the action overruling said motion in this court for a rehearing, although said affidavit relates closely to the quality of the very action of the Court of Civil Appeals which this court has so declared justifies its action in "dismissing" said application, and which presumably, and so far as I know, impelled this court to overrule said motion in this court for a rehearing, despite said affidavit.

Said affidavit is set out herein both to show the additional grounds of this dissent, and as a matter of simple justice to said Court of Civil Appeals. My conclusion is that this court should have granted said motion for a rehearing, and should have considered, on its merits, said application·for the writ of error.