## CUTBIRTH v. KNOWLES.
### No. 4168.

Court of Civil Appeals of Texas. Texarkana.
April 7, 1932.

Rehearing Denied April 21, 1932.

Andrews, Streetman, Logue & Mobley, and Richard F. Burns, all of Houston, and Young & Stinchcomb, of Longview, for appellant.

Campbell, Hurst & Lee, and Stuart, Morgan, McGaw & Mitchell, all of Longview, for appellee.

SELLERS, J.

This suit was brought by plaintiff upon a petition which alleged his residence to be in Gregg county, Tex., against defendant, J. A. Knowles, and a trial was had at a term of the court beginning on February 22, 1931, and continuing until the 12th day of September, 1931. Judgment was entered against the plaintiff in favor of the defendant on July

24th, and the plaintiff's amended motion for a new trial was overruled by the court on August 29th. To the action of the court in overruling his amended motion for new trial, the plaintiff excepted and gave notice of appeal to this court. Plaintiff's appeal bond was filed September 26th. The transcript and statement of facts were duly filed in this court.

The appellee, J. A. Knowles, has filed in this court a motion to dismiss this appeal for want of jurisdiction on the ground that the appeal bond was not filed within the time allowed by statute.

Appellant, as stated above, alleged in his petition that he resided in Gregg county, Tex., and on the trial he testified that he had been in Longview, in Gregg county, all the time since December preceding the trial. These facts appearing affirmatively in the record, it was incumbent upon the appellant to file his appeal bond within twenty days from the date of the order overruling his amended motion for new trial. Having failed to do so, the appeal will be dismissed for want of jurisdiction.

Appellant has filed in this court an answer to appellee's motion to dismiss this appeal and has attached thereto affidavits to the effect that he is a married man and that his home is in Houston, Harris county, Tex., and seeks thereby to secure an extension of time in which to file his appeal bond from twenty days, as provided for in the statute for residents of the county, to thirty days, the time provided for nonresidents.

We are very familiar with the rule that this court may consider ex parte affidavits in determining its jurisdiction, but the rule is not without its limitations. In Volume 3, Texas Jurisprudence, § 309, pages 438 and 439, the rules applicable in this case are announced as follows:

"1. Affidavits or extrinsic evidence will be received and considered when they present facts affecting the jurisdiction of the appellate court which arose after final determination of the case and which could not have been put in issue in the trial court.

"2. But according to some of the Courts of Civil Appeals the power is limited to matters not appearing of record, and evidence aliunde contradicting the record cannot be considered even when the question of jurisdiction is involved."

These rules are supported by many authorities in this state, and, when they are applied to the facts in this case, there is no escape from the conclusion that the affidavits are not entitled to be considered.

In the case of Sale et ux. v. Gersdorff (Tex. Civ. App.) 189 S. W. 574, it was held that the appellant in that case could not by affidavit change the residence fixed by the record to gain additional time in which to file an appeal bond.

The appeal will be dismissed.

WILLSON, C. J.

I dissent from the action of the majority in dismissing the appeal because of the failure of the appellant to file an appeal bond within twenty days from the date he gave notice he would prosecute an appeal from the judgment. By the terms of article 2253, R. S. 1925, a party appealing has thirty days after he gives such a notice in which to file such a bond, if at the time he gives the notice he resides out of the county in which the cause was tried. The notice in the instant case was given August 29. 1931, and the bond was filed September 26, 1931, which was less than thirty days after the time when the notice of appeal was given.

It appeared from uncontradicted affidavits made a part of appellant's answer to the motion to dismiss the appeal that at the time appellant gave the notice and during several months before and after that time he resided with his wife in Harris county. I do not understand the majority to be in the attitude of questioning the fact that it so appeared, if the fact could be proven by affidavits. Their position, as I understand it, is that such proof could not be made by affidavits.

It is expressly provided in article 1822, R. S. 1925, that Courts of Civil Appeals "shall have power, upon affidavit or otherwise as by the courts may be thought proper, to ascertain such matters of fact as may be necessary to the proper exercise of their jurisdiction." In the instant case the fact necessary to be determined was the county where appellant resided at the time he gave the notice of appeal. The allegation in his petition filed April 28, 1931, that he was then "a resident of Gregg county" did not prove that he did not reside out of that county August 29, 1931, when he gave the notice, and therefore the affidavits showing that he then resided in Harris county did not contradict the record in any proper sense. In that view, I think the cases cited by the majority do not support the conclusion they reached. The contrary view I think is, not only warranted by the statute, but by the holdings in Fine v. Freeman, 83 Tex. 529, 17 S. W. 783, 18 S. W. 963; Herd v. Bank (Tex. Civ. App.) 283 S. W. 1112; Smith v. Oil Co., 99 Tex. 77, 87 S. W. 660; Dixon v. Lynn (Tex. Civ. App.) 154 S. W. 656; Rushing v. Bank (Tex. Civ. App.) 160 S. W. 337; Security Trust & Life Ins. Co. v. Stuart, (Tex. Civ. App.) 160 S. W. 108; Webster v. Ry. Co. (Tex. Civ. App.) 184 S. W. 295; Dial v. Rector, 12 Tex. 99; Harris v. Hopson, 5 Tex. 529; Hart v. Mills, 31 Tex. 304.