**WOOD et al. v. GULF OIL CORPORATION.**

No. 3768.

Court of Civil Appeals of Texas. Beaumont.

March 25, 1941.

Rehearing Denied April 16, 1941.

For former opinion, see 147 S.W.2d 818.

Pollard & Lawrence and William S. Reeves, all of Tyler, Gerald C. Mann, Atty. Gen., and Jas. P. Hart, D. D. Mahon, and Edgar W. Cale, Asst. Attys. Gen., for appellants.

Joe S. Brown, of Houston, and Stanley Hornsby, of Austin, for appellee.

PER CURIAM.

Appellants' motion for rehearing was overruled February 12. After a careful examination of the facts, it is our conclusion that, on that date, our clerk mailed to each attorney of record a post card, correctly addressed but not registered, advising him that the motion for rehearing had been overruled. This notice was duly received by each attorney of record except Messrs. Pollard & Lawrence, who, on the showing made by them, had the burden of the further prosecution of the appeal from our judgment affirming the judgment of the lower court. On the affidavit of Mr. Lawrence we find that the post card mailed to his firm on the 12th day of February was not received by them and that they did not know until March 21 that the motion for rehearing had been overruled. On March 25, 1941, Messrs. Pollard & Lawrence, appearing as "attorneys for appellants," filed their second motion for rehearing alleging that the order overruling their motion for rehearing had been entered without notice to them; that they had no notice of the order overruling their motion for rehearing until March 21; that the time for filing the application for writ of error had expired before they had notice that the motion for rehearing had been overruled; that, unless the order overruling the motion for rehearing is set aside, "appellants will be deprived of due process of law guaranteed under the constitution of the State of Texas and the United States of America." They further allege: "That no harm will be done to any party hereto by the setting aside of such order of February 12, 1941, but that a great and irreparable damage and injury will result to said Appellants by the failure of this Court to set aside such order of February 12, 1941, and in order that justice may be done, this Court should set aside said order overruling the motion for rehearing, even though it is not convinced of the merits of appellants' motion for rehearing, in that the Court can, if deemed wise and expedient by it, immediately after setting aside said order of February 12, 1941, enter a new order overruling said Appellants' motion for rehearing, which

will permit these Appellants to have their day in Court, which is now denied them through no fault or negligence on their part, and at the same time accord to all other parties their rights at law as found and determined by this Honorable Court."

On authority of Henningsmeyer v. First State Bank of Conroe, 109 Tex. 116, 195 S.W. 1137, 201 S.W. 652, we are compelled to overrule appellants' second motion for rehearing. We regret that we are not in position to grant appellants the relief prayed for.