T. A. SHAW & COMPANY V. ROBINSON & STOKES COMPANY ET AL.

FILED APRIL 21, 1897. No. 6997.

1. **Appeal and Error:** ELECTION OF REMEDIES. When a case, in its nature appealable, is brought into this court for review, the filing of a petition in error will be construed as an abandonment of an attempted appeal from the same judgment or decree.

2. **Review: OBJECTIONS NOT RAISED BELOW.** An objection on the ground that the finding and judgment complained of are unsupported by the evidence will not, on petition in error in this court, be considered unless presented to the district court by means of a motion for a new trial, and a ruling had thereon.

MOTION for rehearing of case reported in 50 Neb., 403. *Rehearing denied.*

*Duffie & Van Dusen,* for the motion.

POST, C. J.

Since the filing of the opinion in this cause, which will be found in 50 Neb., 403, we are reminded by counsel for Shaw & Co. that in addition to the question there decided, viz., the right of an insolvent corporation to prefer one creditor to the exclusion of others, they claim priority as against May Bros. on the ground that their lien upon the fund in controversy was acquired by means of the garnishee process, before the execution of the assignment of the Robinson & Stokes Company to the latter. An examination of the record in connection with their motion for a rehearing proves the suggestion of counsel to be well founded. The proposition now contended for was urged in the first brief filed herein, although overlooked in consequence of the overshadowing importance of the other question presented, and to which alone the able oral arguments were directed. Briefly stated, the contention is that the assignment to May Bros., although authorized by a vote of the directors of the Robinson & Stokes Company, November 15, 1892, and bearing date of the day aforesaid, was not in fact executed or accepted by said assignees until several days thereafter, and not until after the rights of Shaw & Co. had attached under and by virtue of the garnishee process.

We observe that Shaw & Co. are, by their motion for a rehearing and brief in support thereof, designated as appellants; but, assuming a proposition as to which we entertain a doubt, viz., that an appeal will lie from a judg-

ment or order of the character here involved, the record was not filed in this court within the six months allowed in order to secure a review by that means. It appears also from the record that said parties have filed a petition in error, in which they assign eleven distinct and separate grounds for the reversal of the judgment below. They will, therefore, be held to have abandoned any attempt to appeal, and to have elected to prosecute their petition in error. (*Burke v. Cunningham*, 42 Neb., 645; *Woodard v. Baird*, 43 Neb., 310.) In the petition of intervention by May Bros. is alleged the assignment to them, under date of November 15, and in the petition subsequently filed by Shaw & Co. it is alleged that "on or about November 16, 1892, the said Robinson & Stokes Company assigned and transferred to the Commercial National Bank, Anastacia Burnett, May Bros., and the National Bank of Commerce notes and accounts, the value of which these intervenors are unable to state." On July 26, 1893, the cause came on for hearing upon the petitions of intervention, without other pleadings, which resulted in a general finding for May Bros., and an order directing the receiver to pay over to them any balance of funds in his hands, the proceeds of the estate of the Robinson & Stokes Company, after deducting necessary costs and expenses of administration, to which order Shaw & Co. excepted, and at their request were allowed time within which to prepare and serve a bill of exceptions.

The hearing above mentioned was, as we have seen, · brought on by the motion of May Bros., but evidently involved the merits of the petitions of intervention, by which alone the parties thereto had a standing in court. There was, it will be observed, no issue made by the pleadings respecting the date of the execution or the validity of the assignment to May Bros. It is, however, urged at this time that the cause was tried below upon the theory that the actual date of said instrument was in issue, and that it should be so regarded for the purpose of this proceeding. Parties will, as a rule, for the pur-

pose of review in this court, be restricted to the theory upon which the cause is prosecuted or defended in the trial court (*Smith v. Spaulding*, 40 Neb., 339; *Smith v. Phelan*, 40 Neb., 765; *Moline, Milburn & Stoddard Co. v. Wood*, 49 Neb., 869), although we are not aware that the rule thus stated has ever been so far extended as to supply allegations essential to the statement of a cause of action or defense. But it is unnecessary to further pursue the subject in this connection, since the motion for a rehearing must be decided on other grounds.

This is, as we have seen, a proceeding in error by which it is sought to reverse the final order complained of on the sole ground that the finding, upon the evidence adduced, should have been in favor of Shaw & Co. instead of May Bros. The question of the sufficiency of the evidence was not, however, so far as the record discloses, suggested to the district court by means of a motion for a new trial. The necessity for such a motion, in order to secure a review on error by this court of the evidence upon which is based the finding or judgment below, has been many times asserted (*Joiner v. Van Alstyne*, 20 Neb., 579; *Carlow v. Aultman*, 28 Neb., 672; *Miller v. Antelope County*, 35 Neb., 237; *Jones v. Hayes*, 36 Neb., 526; *Losure v. Miller*, 45 Neb., 465; *Hansen v. Kinney*, 46 Neb., 207); and that rule is, as will be observed from an examination of the cases cited, applicable alike to decrees in equity and judgments at law. Motion for

REHEARING DENIED.