Per Curiam.
This cause now comes up for hearing on two motions presented by defendants in error, one to dismiss the writ of error, and the other to dissolve the injunction heretofore granted in this court. The facts necessary to a proper understanding of the questions presented by the motions are substantially these. On December 15,1892, in an action of' debt pending in the district court of Clear Creek county,, wherein Morrill, one of the defendants in error was plaintiff, and plaintiff in error Martha E. Smith and others were defendants, judgment was rendered in favor of plaintiff. In January following, execution issued to the sheriff of Arapahoe county, and was by him levied upon certain real estate in that county as the property of Mrs. Smith. This was the first intimation, Mrs. Smith claims, that she had of the institution of the suit or the rendition of the judgment, and she claims that she thereupon made a compromise with the plaintiff, whereby in consideration of a certain sum of money, paid to him by her, he agreed in writing to release, and did release,, her from the judgment. No other proceedings seem to have been had towards enforcing the execution against the Arapahoe county property. In March, 1895, another execution was issued upon this judgment, directed to the sheriff of Jefferson county, and by him it was levied upon certain real estate as the property of Mrs. Smith, and advertised for sale. This suit was then commenced by Mrs. Smith and her husband, Pierce T. Smith, in the district court of Jefferson county, to restrain the sheriff from selling the property levied upon. The grounds alleged in their bill, upon which they claimed injunctive relief, were that the judgment rendered in the suit was void, by reason of the fact that she had never been served with summons in the action, and had never appeared; also, that *286 she had been released from the judgment by the compromise agreement entered into by her with the plaintiff, and above referred to. A temporary injunction was granted. Upon trial, the court found that no service of process in the Clear Creek county suit had been made upon Mrs. Smith, but that she had failed to prove that the judgment had been released. It further found that Mrs. Smith had an adequate remedy under section 75 of the Code, and therefore she was not entitled to resort to equity to restrain the enforcement of the judgment. Thereupon, judgment in favor of the defendants was rendered on November 14, 1896, and the injunction was dissolved. Mrs. Smith prayed an appeal, and was allowed thirty days within which to file bond, and sixty days for her bill of exceptions. The appeal bond was executed and filed December 2, 1896, but no further effort appears from the record to have been made to prosecute the appeal. On January 16,1897, plaintiff in error filed the record and bill of exceptions in this cause in this court, sued out a writ of error, and obtained a supersedeas. In the mean time, the temporary injunction having been dissolved, the sheriff had enforced the execution by sale of the property levied upon, and thereafter a judgment creditor of Mrs. Smith had redeemed the property so sold by paying to the sheriff the full amount due upon the Clear Creek judgment, interest and costs, as required by statute. Thereupon, an injunction issued from this court at the instance of plaintiff in error, restraining the sheriff from paying the money in his hands to the plaintiffs in the execution.
It is unquestionably true that a party cannot pursue two remedies at the same time. If a person is aggrieved by a final judgment of a court, and desires to have it reviewed by an appellate court, he must proceed in one of two ways, either by appeal, or by writ of error. He cannot pursue both methods at the same time. It is this ground, universally conceded, upon which defendants in error rely to sustain their motion to dismiss the writ of error. Whilst the principle is uncontrovertible, it is not applicable to the case at bar. *287 The term of this court succeeding the time' of making of the appeal began on January 11-, 1897. Under the provisions of the code, sec. 389, and the rules of the court, the record was due to be filed herein on January 13. A failure in this respect subjected the appeal to dismissal. On January 14, or on any succeeding day, the appellee might have filed a short transcript, and thereupon on his motion, this court would have been compelled to make the order of dismissal. By the failure to file the record within the time required, and by subsequently suing out the writ of error for a review of the judgment theretofore appealed from, appellant voluntarily and absolutely abandoned her appeal and all of her rights thereunder. She became thereby, in our opinion, as effectually precluded and estopped from pursuing her appeal, as if the formal order of dismissal had been made. The authorities cited by defendants in error seem to -have been in cases where the rights acquired under the appeal still existed, and were in actual force. The failure of' appellant to file the record within the time required by law rendered her liable to the penalty prescribed by law for such failure, namely, a dismissal of the appeal, and was a sufficient waiver on her part of her rights under the appeal. If anything further was necessary, the subsequent suing out of the writ of error showed a positive election on her part to pursue that form of remedy alone. By suing out the writ of error she therefore was not and is not pursuing two appellate remedies at the same time. For these reasons, we think that the plaintiff in error has a proper standing in this court, and the motion to dismiss the writ of error will be denied.
Counsel for defendants in error do not dispute the power of this court to issue injunction in aid of and to enforce its appellate jurisdiction. They insist, however, .that this is not a case wherein it is permitted to exercise such power, and urge that although the object of this proceeding is ostensibly to restrain the collection of the judgment, it is a collateral attack upon the judgment, and therefore cannot be allowed. We are relieved from the discussion or determination of this *288 question by reason of tbe fact that the petition for injunction is based upon two grounds: first, that the judgment was void because there was no service of process; and second, because subsequent to its rendition it was satisfied and released as to this plaintiff. Surely it cannot be successfully contended that in case the judgment has been satisfied a party would not be entitled to proceed in this manner to restrain its collection. It is in fact the only method which the party could pursue to prevent the commission of the wrong. The motion to dissolve the injunction will therefore be denied.

Motions denied.