[No. 3627.]

## IRWIN ET AL. V. BEGGS.

1. EXECUTION—*Improvidently Issued—Or Upon Void or Satisfied Judgment—Remedy.* An execution issued upon a void judgment or one which has been satisfied, in whole or in part, or an execution improvidently issued for any reason, may be quashed upon motion in the court from which it issues.

2. —— *Injunction.* But where complicated questions of law or fact, such as can be properly tried only upon appropriate pleadings, are involved, equitable relief may be obtained by an original suit, and the execution may be enjoined.

Irwin recovered judgment against Beggs in the county court, levied execution upon certain lands, and purchased the same in partial satisfaction of the judgment. Third parties afterwards contested his title and prevailed in such contest. Beggs was not party to the latter proceeding. Irwin afterwards took execution for the full amount of his judgment and levied upon personal property of Beggs. Beggs without any application to the county court, brought his bill in the district court to restrain proceedings under the latter execution. The record presented the following questions. (1) Whether Irwin's purchase of the lands under the first execution estopped him to proceed for the full amount of his judgment; (2) whether by the judgments recovered by third persons against Irwin, quieting the title, and so obliterating his purchase on execution, Beggs was estopped to show that at the time of Irwin's levy, he (Beggs) had in fact an interest in the land, which therefore passed to Irwin; and (3) whether Irwin, as a condition precedent to the relief demanded by Beggs, was not entitled to a decree vacating his purchase of the land on the first

execution. *Held* that these questions could not be as fully and fairly tried on motion, as by suit in equity; that Beggs was entitled to maintain his action, and that an injunction to restrain proceedings under the second execution, was proper and necessary.

3. JUDGMENT—*Who Concluded.* One is not concluded by a judgment in a cause to which he is not a party.

4. EXECUTION SALE—*Caveat Emptor.* Execution creditor, knowing that the debtor holds a certain interest in specified lands, assuming that the debtor has in fact the entire estate levies thereon and becomes the purchaser. In the absence of fraud or misrepresentation on the part of the debtor, he is without remedy, if in fact his purchase proves fruitless. The maxim *caveat emptor* applies.

*Appeal from Phillips District Court.* HON. H. P. BURKE, Judge.

Mr. J. S. BENNETT, for appellants.

Messrs. TAYLOR & PENDELL, for appellee.

KING, J., delivered the opinion of the court.

This appeal is predicated upon two principal assignments of error, namely, (1) that the facts alleged in the complaint and supported by the evidence are not sufficient to entitle plaintiff (appellee here) to equitable relief, because it thereby appears that plaintiff had a plain, speedy and adequate remedy at law; and (2) that under the pleadings and the evidence the court, in the exercise of its equitable powers, should have granted equitable relief to the defendant, Irwin.

The suit was brought in the district court to enjoin the sale of plaintiff's property under an execution issued from the county court of Phillips county upon a judgment entered therein in a case wherein Irwin, the defendant in this case, was plaintiff, and the plaintiff herein was the defendant, and for a decree declaring said county court judgment fully paid and satisfied. Burdette, one of the defendants herein, was sheriff of Morgan county, and as such had levied upon personal property

of the plaintiff, and was about to sell the same under said execution. The complaint alleged that a large part of said judgment had been paid, and that plaintiff had made tender to the defendants of the full amount remaining unpaid, together with interest and costs, which tender had been refused. Under these conditions appellants assert, and contended in the court below upon trial, that plaintiff had an adequate remedy at law by motion in the county court from which the execution issued to have the same recalled or stayed and credit given if due, and therefore plaintiff was not entitled to equitable relief by injunction. Under ordinary circumstances that contention would be sound and should be sustained. There is no doubt that execution irregularly or improvidently issued, or issued upon a void judgment, or when the judgment has been satisfied in whole or in part, may ordinarily be reached by motion to quash made in the court where issued.—8 Enc. Pl. & Prac., 459, and authorities cited. But where complicated questions of law or of fact, such as can only be properly presented and tried upon appropriate pleadings, are involved, equitable relief by injunction is a proper remedy, and its exercise is sustained by both reason and authority.—*Snavely v. Harkrader,* 30 Grat., 487; *Crawford v. Thurmond,* 3 Leigh, 85; *Grant v. Cole,* 23 Wash., 542, 63 Pac., 263; *Smith v. Morrill,* 11 Colo. App., 284, 288, 52 Pac., 1110. The complaint alleged that upon the judgment in the county court execution was sued out by Irwin and levied upon all interests which plaintiff herein had in certain real estate, to-wit, an equity of redemption from a deed in form absolute but in fact a mortgage given to secure certain sums which plaintiff owed; that said Irwin knew of plaintiff's interests therein, and at execution sale purchased the same for the sum of $325, and in due course received therefor and recorded the sheriff's deed, and thereupon the execution was returned satisfied to the extent of $325; that

thereafter certain suits were brought against Irwin by third parties to quiet title to said real estate; that in one of such proceedings defendant defaulted, and in the other, brought by the same parties for the same purpose, de-defendant alleged as his defense that he was the owner of said real estate, and that the deed which this plaintiff asserts was a mortgage, was executed and delivered by plaintiff to defraud his creditors, of which the said Irwin was one; that upon said defense the title which said Irwin claimed under and by virtue of the sheriff's deed, was held junior and inferior to that of the parties plaintiff in the suits to quiet title; that in such proceedings this plaintiff was not a party, and was not notified; that thereafter the execution herein sought to be enjoined was issued and caused to be levied upon plaintiff's property at the instance and request of said Irwin. No effort was made by Irwin to have the partially satisfied judgment theretofore entered set aside, or the sheriff's deed made to him cancelled, by motion in the county court or otherwise. Under the allegations of the complaint it is evident that there was presented for determination the question as to whether the purchase at execution sale, alleged by the complaint to constitute payment and satisfaction of the judgment *pro tanto,* did in fact constitute payment and would therefore estop the defendant as judgment creditor from treating the sale as void or voidable and collecting the entire amount for which the judgment was originally entered. It further appears that the effect of the judgments quieting title to said real estate as against Irwin (thus making his purchase at sheriff's sale valueless to him), and whether, if such judgments were *res adjudicata* as to him, that fact would estop plaintiff in the instant case from showing that at the time of the levy upon and sale of his alleged interest in said real estate he in fact had an interest therein subject to levy and sale, and which thereby passed to the defendant, were questions pre-

sented for determination; and likewise, as now contended
by appellants, whether upon such allegations they were
not entitled to a decree vacating the said sale, and setting
aside the alleged satisfaction of judgment as a condition
precedent to allowing execution for the full amount of
the original judgment. These allegations involve ques-
tions of fact and the application thereto of legal and
equitable principles that could not be as readily, fully
and fairly tried and settled upon a motion to quash the
execution as upon a suit in equity. Upon such allegations
it was entirely proper, and indeed necessary that, pend-
ing trial of the issues, execution sale should be in some
manner restrained. It was said in *Smith v. Morrill,*
*supra,* that was the only method which plaintiff could
pursue to prevent the commission of the alleged wrong.
Even if relief had been sought by motion in the county
court, that court, in order to give adequate and speedy
relief, must have exercised equitable jurisdiction over its
judgment and process, and might properly refrain from
so doing, leaving the parties to seek relief in a court of
equity.—*Watson et al. v. Reissig,* 24 Ill., 281, 284; *Hughes*
*v. Streeter, Ibid.,* 647, 76 Am. Dec., 777; *Scheer v. Him-*
*melmann,* 53 Cal., 312. For the reasons given and upon
the authorities cited, we think the court did not err in
exercising jurisdiction as a court of equity under the
particular facts and circumstances set forth in the com-
plaint. Moreover, the substance of the litigation, rather
than the form of remedy adopted, should be regarded
when, as in this case, the demurrer was not raised until
after the answer had been filed for several months and
trial on the merits had been called.

Appellants insist that, upon the pleadings and the
evidence, the decree was erroneous, and that instead of
a decree for plaintiff, the judgment should have ordered
the execution sale of plaintiff's real estate vacated, the
deed therefor to the defendant herein set aside, and the

temporary injunction granted herein perpetuated only upon condition that appellee, in addition to the moneys paid or tendered and deposited in the registry of the court, should pay to the said Irwin the sum of $325 and interest. Upon trial, the court found that all the material allegations of the complaint were sustained by the evidence; that at the time of the levy upon and sale of plaintiff's real estate he had the interests therein alleged in the complaint, and that defendant purchased the same for $325. Plaintiff was not barred, by the judgments thereafter obtained quieting title in suits to which he was not a party, from showing that at the time of the levy and sale he was owner of the interests alleged by him. Furthermore, the defendant herein in making his defense to the said suits to quiet title, instead of relying upon the equity of redemption which plaintiff had or claimed, defended upon the ground that the deed which plaintiff claimed to be a mortgage was an absolute deed, executed and delivered in fraud of his creditors. Upon this defense judgment was against him. It is possible, and indeed probable, that if he had contested the suits upon proper allegations and proof he might have held plaintiff's interest in the property which he bid in for the sum of $325. We perceive no reason why plaintiff in the instant case is, or of right ought to be, estopped in this proceeding from showing that he had the interests claimed, and which in fact passed to the defendant by sheriff's deed. Under the circumstances of this case, the court having found that plaintiff had some interest which the defendant levied upon and sold, and it further appearing that the defendant, with knowledge of such interest, assumed that plaintiff had another and different interest, to-wit, the entire interest, and caused such interest to be levied upon and sold and at such sale purchased the same, and defended the title upon that assumption, we think he also assumed the risk and took the chances of

the title's being good; and if it in fact proved worthless, he is without a remedy, in the absence of a showing of misrepresentation or fraud upon the part of the execution debtor, plaintiff herein, which caused his mistake, if mistake it was. The doctrine of *caveat emptor* applies in this case.—*Copeland v. Bank,* 13 Colo. App., 489, 59 Pac.; 70; *Rodgers v. Smith,* 2 Ind., 526; *Bassett v. Lockard,* 60 Ill., 164; *Boggs v. Hargrave,* 16 Cal., 559, 76 Am. Dec., 561; *Goodbar & Co. v. Daniel,* 88 Ala., 583, 7 So., 254; 16 Am. St., 76; *Thomas v. Glazener,* 90 Ala., 537, 78 So., 153, 24 Am. St., 830.

The judgment is affirmed.